5, 2, 1, 0, 3, United States versus Fernando DeSilva. Thank you, Your Honor, and may it please the Court, Tara Allen representing the appellant Fernando DeSilva. Your Honor, I'd like to reserve two minutes for rebuttal. Yes. Judges, this appeal is Mr. DeSilva's challenge to certain special conditions of supervised release. In this case, the district court acknowledged the importance of Mr. DeSilva's relationship with this child. The court even encouraged Mr. DeSilva to take care of his fatherly responsibilities. And the court imposed a condition that presumably allowed him to have unsupervised contact with his child. And yet, imposed other conditions that made that nearly impossible because the court went on to impose conditions that forbade him from loitering near places where children congregate, even though he has a toddler, and then forbade him from associating with all children who are not his biological children, making it nearly impossible for him to have a family relationship, a parenting relationship, with a four-year-old child who he's raised as his own, along with his fiancée and girlfriend, excuse me, along with his fiancée. The record makes clear that the child views Mr. DeSilva as her father, and that he has raised her pretty much as his daughter. The conditions actually are contrary to the purposes of supervised release. Because in this instance, Mr. DeSilva... actual conditions that were imposed, for example, the condition you shall have no contact with any child under the age of 18, with the exception of your own children, without the presence of an adult who is aware of your history, and who is approved in advance by the probation officer. That's right, Your Honor. Mr. DeSilva could have chaperoned... Could you please, let's start over. What are the precise conditions that you are challenging, and why? And please, accurately state the conditions. The district court ordered Mr. DeSilva to attend sex offender treatment, Your Honor. He also... How does that interfere with his ability to interact with his child? Or is that a separate argument you're making? It's a separate argument, Your Honor. The sex offender treatment issue is that Mr. DeSilva didn't have any... There was no sort of assessment of his need for sex offender treatment, or that he presently posed a risk to children. But isn't that the district judge's job, to look at the defendant's history, which here includes a rather egregious sex-related offense, and decide that he would benefit from sex offender treatment? I thought district judges did that without any requirement that they get a recommendation from a psychiatrist or psychologist. Yes, the district court is responsible for looking at the defendant's history and characteristics to determine whether sex offender treatment should be applied. So here's a defendant who committed what I think is a particularly egregious sex-related offense about eight years before he is up for sentencing. Has received no treatment in the interim. Has continued his criminal ways, including the failure to register offense. And the district court decides that sex offender treatment would be in order. I struggle to see why on this record, that that's unreasonable. He did not continue a course of conduct that involved any sort of sexual misconduct. No, but he was not a law-abiding citizen in the interim, and it's significant, I think, that his offense was only eight years in the past, not 15 like in Del Valle Cruz, upon which you rely, and that it had been a particularly egregious offense. I'm not saying sex offender treatment was required, but why was there an abuse of discretion to order it? Your Honor, in this case, the offense occurred 10 years ago. There was... 10 years ago now? But we have to look at this as of the time the district court sentenced him, right? Yes, Your Honor. The district court sentenced him in 2015, and his offense occurred in 2005. 2006. He was convicted in 2006, yes, Your Honor. However, in cases like Mercado or Morales Cruz, where the court has looked to the individual's criminal misconduct at the sex offense and the person's criminal history, in each of those cases, the individual had a history, or somewhere in the history, of violent crime. Mr. De Silva does not have that. He has about 14 driving on a suspended license, zero violent crimes in his history, and after the sex offense, he had three, a failure to drive with a valid license, and disorderly in possession of drugs. The court acknowledged that he has an addiction problem, but the length and extent and breadth of his criminal history is not like those cases, Mercado and Morales Cruz, where the defendant's histories were more violent and severe. In fact, in both Morales and Mercado, the defendants had repeated violent conduct, although it wasn't sex offense related, it was violent. In addition, Mr. De Silva's offense is a Tier 1 offense. In those other cases, the sex offense that predicated the SONA violation were hands-on violent offenses, not Tier 1, but Tier 2 or Tier 3 or higher. So even SONA recognizes that there's sort of a spectrum of sex offenders, and Mr. De Silva, in this case, fell at the lowest level of that spectrum. I would like to go back to the court's point about probation, or that the conditions had additional caveats. There was the no contact with children under 18 without supervision. And with the exception of your own children, and you started off by telling us that somehow this was going to interfere with his relationship with his own children, and you did not inform us that this condition contained this clause, with the exception of your own children. Yes, Your Honor. I don't think that that clause saves the interference in this circumstance, because Mr. De Silva's First, you have an obligation of candor to the court, which I think you are skirting. Are you now trying to argue that somehow there is a reasonable relationship if you consider the actual language of what the court ordered? Your Honor, I'm arguing that, yes, the actual language of what the court ordered, notwithstanding, there is still an infringement on Mr. De Silva's family relationship, because the court did not take into consideration that he has another child in the household who is the biological sibling of his own child. He can't practically live in the household because there's a child who is not his own living within that household, and so that carve-out with respect to his own children doesn't apply to assist him in raising his own children. And that point was made to the district court? Your Honor, no, it was not made to the district court, except to say that he has been raising a child as his own, and the court then referred to paragraph 51 of the pre-sentence report. So the extent of the defense's objection was that he has been raising a child as his own, his stepchild. Was there any consideration given to going back to the district judge and saying there may be a technical problem with your language to take account of the other child? Your Honor, in this instance... No, you come to the court of appeals. I mean, that's a yes or no question. I believe my time has run for now, Your Honors. Thank you. Good morning. I'd like to make three main points about the conditions of supervised release. First, as the court has just pointed out, two of those conditions, the no-contact condition and the residence condition, both contain exceptions for the defendant's own children. As we pointed out in a footnote, the written judgment mistakenly omits that condition with respect to the residence, that qualification rather, with respect to the residence condition, but of course the oral judgment controls. So the first point is two conditions contain the exception for the defendant's own children, and both of those conditions, moreover, are phrased in terms of allowing for the defendant to have contact with children other than his own children so long as he gets approval in advance by the probation officer. So they're not outright bars on contact. He just needs to get the prior approval. Was there any objection below to the delegation provision? No, there was not. That's a whole separate issue, and we addressed that at the end of our brief. There was no objection at all to that. Indeed, on appeal, there's no real effort even to argue that the defendant meets the plain error standard. So our submission with respect to that issue is that it's waived entirely. But I did want to make one more, what we feel is an important point about the nature of these conditions, and that is in the Pabon decision, this Court has already held that the identical conditions cannot be construed as barring mere incidental contact with children. And that's a very important point because when you look across the panorama of these five or four challenged conditions, you have to view them in light of the statement in the Pabon decision itself that we do not construe these to bar incidental contact. So, for example, if you look at the loitering condition, no loitering condition that the defense targeted at the beginning of their opening of their argument, certainly there's language in there that might look broad, but that language has already been contained. We would submit by Pabon, and so you have to sort of read that. Okay, just technically, your narrowing of this or broadening, which either way is not stated in the oral judgment, nor is it stated in the written judgment, and that does seem to be part of what she's complaining about. Is there a mechanism to take care of this problem? Well, I guess two responses. First of all, it's not really our narrowing, it's really the Pabon Court's narrowing. You're offering it to us, so let's not quibble about that. No, no. You could certainly clarify that, as we pointed out in the Pabon decision, these conditions don't prohibit incidental contact. Okay, put that in an opinion of this Court. That's probably enough, but if the District Court, if you felt you needed to go further, you could ask the District Court to clarify that. In this particular case, you've already told us that the written judgment doesn't accurately conform to the oral judgment, and to avoid future problems, probably should be amended in one respect. Isn't that correct, to include the reference to his own judgment? That's correct. Okay, so if we're going to have to, at the end of this appeal, require the District Court to make that amendment to clean up the record, why shouldn't we incorporate these narrowing interpretations that you are willing to concede and incorporate them in the judgment, too, to protect the defendant in the future against an unfairly broad interpretation? Oh, sure, that makes perfect sense, and we don't oppose that at all. Our point merely was that the Pavon decision itself provides a measure of protection that you feel more is needed, and certainly you should direct the District Court to make that change as well. In your view, are the District Court's findings sufficient, the explanation? Yes, the answer is twofold. The District Court focused on paragraph 51 of the PSR, setting forth the narrative of the offense facts for the earlier sex conviction, the child pornography conviction. We think that those facts speak loudly in favor of the conditions that were imposed, but if you add into it the fact that the defendant's criminal history, including three intervening convictions that post-date that child pornography offense, that, from our perspective, bolsters the ruling as well. So it's really those two things in our mind. The District Court's reliance on paragraph 51, and then what the record reveals concerning the defendant's criminal record. And we set forth that record on page three of our brief. Is it enough just to say, my reason is paragraph 51, and then to be aware that there are those intervening convictions without looking at what they are about? Well, so we're relying on the principle that the District Court's ruling can be affirmed on any basis in the record. So although the District Court didn't, at sentencing, rely on the criminal record in imposing the conditions of supervised release, at least didn't rely expressly on it, we think it's appropriate to consider it on appeal in deciding whether the court committed an abuse of discretion. The mere fact that the District Court didn't make an express reference to the criminal record doesn't prevent you from considering it on appeal. In closing, I'd just like to say that, from our perspective, there are really four cases that appear pertinent here. On one side of the equation, you have DelVal, Cruz, and Fay. On the other side of the dividing line, you have Pabon and Mercado. Our submission is that DelVal, Cruz, and Fay are very different from this case. In the DelVal, Cruz case, you have a 15-year-old conviction. The offense facts for that are that the defendant pushed a 16-year-old girl up against a wall and touched and kissed her. The defendant in that case had been crime-free for over a decade prior to his sauna offense, and in that case, the District Court gave no explanation at all for imposing the terms of supervised release. In that case, there was no exception for the defendant's own child, so the conditions effectively prevented him from residing with or seeing his own minor son. Excuse me. The case law is pretty clear that when you're interfering with a parent-child relationship, there's a higher standard. In this case, he lives and has been raising his girlfriend's child, who is not his own biological child. Is it your view that that falls under the parent-child rubric, or that's a different kind of child that requires heightened protection? Our position is that it does not require heightened protection. That's number one. But number two, more importantly, again, the resident's condition is framed so that he can get approval from the probation officer to reside in a house with that child. So you think living with somebody else's child is different than the standard that would apply to your own child, even if you've been raising that child as your own? It may be, but the more important point, we think, is that the condition itself has built into it a mechanism that regardless of whether heightened scrutiny is required in that situation sense, it simply requires the prior approval of the probation officer. And there's no record evidence in this case suggesting that that approval will be withheld. But for your own child, just a prior approval isn't enough, right? No, that's not the case at all. If you look at the Pabon and Mercado cases, both involve conditions which apply to the defendant's own child. And there was no exception at all in those cases for the defendant's own child. And what the Court emphasized in both cases, Pabon and Mercado, is this very feature of the conditions that I'm now emphasizing, which is the fact that they do not outright bar the defendant from residing with or having contact with the child. They simply require prior approval by the probation officer. And as in Pabon and Mercado, and in this case, there's just no evidence suggesting that that's going to be withheld. And if that approval is withheld, there's yet a further mechanism, which is that the defendant can petition the District Court under 3582-83, I'm now forgetting E, to intervene effectively and so really we have two safety mechanisms. The first is the probation office can approve it and the second is the District Court can always intervene. Thank you. Thank you. So you've gotten part of what you want from the government's concessions here. They've more or less agreed to the written judgment being amended to include both residents and the Pabon interpretation. What is left of your appeal that you want to press? Well, there's still the sex offender treatment and there's also still the fact that because these conditions do interfere with this parent-child relationship, even the call about, the reasons that the District Court gave... We just went through that. You can get permission and if permission is unreasonably withheld, you can go back to the District Court and there's no evidence that permission has been unreasonably withheld. Why isn't that adequate? First, that presumes that the appellant was in fact making an unpreserved delegation argument, which we're not. The argument is that the imposition of the condition in the first place hinders the parent-child relationship and to that extent, even if the probation office can sort of decide to relax it or not, there still needs to be some more consideration of the nature of the ways that this interferes. So are you saying such a condition can never be reasonable or only that the justifications offered by the District Court were inadequate here? I think it's not reasonable in this case under the facts of this case, given Mr. De Silva's living situation, that even if the court has the carve-out for his own child, the point is that he lives with a child who interacts with other children and he parents the child and so he can't take the children to school. He can't volunteer in school activities. He can't do the things that a toddler would need the father to do. And so even with the chaperoned and with prior permission, that's an infringement on that constitutional relationship, Your Honor. Okay. Thank you. The Court is going to take a community recess before the next argument.